IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

IN RE:                              )
                                    )    Chapter 7
DOUGLAS G. SCHMINKE,                )
                                    )    Bankruptcy No. 05-00107
       Debtor.                      )

### ORDER RE TRUSTEE'S REPORT OF SALE

Hearing was held on an expedited basis on October 11, 2005 on the Trustee's Report of Sale and Objection Thereto. Trustee Sheryl Schnittjer appeared in person with Attorney Wesley Huisinga. Objector F & M Bank appeared by Attorney Curtis Ward. Evidence was presented after which the Court took the matter under advisement.

Debtor Douglas Schminke filed his Chapter 7 petition and listed as an asset a 2003 Starcraft camper. Originally, F & M Bank claimed a secured interest in this camper. However, F & M's lien was voided as it was not timely noted on the title. Thereafter, the camper became an unencumbered asset of the estate which Trustee sought to sell and F & M Bank became an unsecured creditor.

Trustee has received an offer to buy the camper from Cassill Motors for $11,500. F & M Bank filed an objection to the sale asserting that the sale price is to too low. The Bank argues that this offer is less than the camper is reasonably worth and the offer should be rejected so unsecured creditors can receive a fair recovery upon the sale of this asset. It is uncontested that this camper is listed in the current NADA with a wholesale value of $12,650 and a retail value of $17,010.

Trustee acknowledges that the sale price is disappointing and that a higher sale value would be preferred. However, Trustee asserts that significant effort was made to sell this camper at a competitive price but she was unable to obtain an offer higher than the $11,500. Trustee's agent opined that one reason for a reduced price is that it is now October and the optimal season for selling this type of asset has passed. Additionally, this is a large camper which requires either a 3/4 or 1 ton pickup to transport. Because of the present

price of gasoline, the size of the camper may work against a higher sale value.  Trustee asserts that, under all the circumstances, the sale price is reasonable.  Trustee does not want to retain the camper over the winter because of the cost to winterize and store this apparently large camper.  Additionally, Trustee asserts that, with all of the above factors, there is no guarantee that holding the camper to sell next spring would result in a substantially higher sale price.

## CONCLUSIONS OF LAW

Creditors are entitled to notice and a hearing prior to a debtor's use, sale or lease of estate property other than in the ordinary course of business.  In re Continental Holdings, Inc., 170 B.R. 919, 929 (Bankr. N.D. Ohio 1994); 11 U.S.C. § 363; Fed. R. Bankr. P. 6004.  The sale of a bankruptcy estate's property is clearly subject to court approval under the express terms of the Bankruptcy Code.  In re Payless Cashways, Inc., 281 B.R. 648, 653 (B.A.P. 8th Cir. 2002); 11 U.S.C. § 363(b).

Bankruptcy courts have wide discretion in structuring sales of estate assets.  In Re Food Barn Stores, Inc., 107 F.3d 558, 565 (8th Cir. 1997).  They have "ample latitude to strike a satisfactory balance between the relevant factors of fairness, finality, integrity, and maximization of assets. [They] must be accorded sufficient discretion to decide the truly close cases as best [they] can in view of these competing considerations."  Id. at 566 (internal quotation marks and citations omitted); In re Wintz Cos., 219 F.3d 807, 812 (8th Cir. 2000).

## ANALYSIS

The Court has carefully considered both positions presented in this matter.  Clearly, the offered price is less than would be ideal.  However, in any sale made under distressed conditions, the offer is often less than would be obtained in a truly arms-length transaction.  Additionally, campers, and other items of this nature, are luxury items. Potential buyers who want these assets desire to have immediate possession.  Because of the requirement of court approval in a bankruptcy context, the delay involved in possession may also have an adverse impact on the sale price. Finally, the matters raised by the Trustee are legitimate and have some impact on the sale price.

It is always possible that, with unlimited time and willingness to wait for a more favorable market, a better price could be obtained.  However, waiting for a more appealing sale price involves cost and time.  Trustees are under pressure to administer these cases in a expeditious manner.  It is unreasonable to anticipate that a Trustee can wait a substantial time in order to hope to obtain a somewhat better price.  Even if Trustee were to store this camper throughout the winter, there is no assurance that a more favorable price could be obtained.  The additional costs incurred in the meantime would further reduce the amount available for unsecured creditors.

Under all of the circumstances and considering the appropriate legal criteria, the Court finds that Trustee has achieved a sufficient balance between disposition of assets and maximization of price in order to warrant approval of this sale.

**WHEREFORE**, for the reasons set forth herein, Trustee's Report of Sale of this 2003 Starcraft camper is approved for the sale price of $11,500.

**FURTHER**, for the reasons set forth herein, the objection of F & M Bank to the sale is overruled and denied.

Dated and Entered: October 12, 2005
_____

_____
PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE